**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: COMMERCIAL MONEY** | : | **Case No. 1:02cv16009** |
| **CENTER, INC., EQUIPMENT** | : | |
| **LEASE LITIGATION** | : | **(MDL Docket No. 1490)** |
| | : | |
| | : | **JUDGE O'MALLEY** |
| | : | |
| | : | <u>**ORDER**</u> |
| | : | |

  This action is before the Court upon an Updated Proposed Final Judgment Entry ("Proposed Judgment Entry") submitted by Plaintiffs Citibank, N.A. and JPMorgan Chase Bank, N.A. (collectively, "Chase") (02-16009, Doc. 29), in connection with Chase's request for final judgment in this matter, and upon the objections of Illinois Union Insurance Company ("Illinois Union") (02-16009, Doc. 32) to the Court's entry of final judgment in accordance with the Proposed Judgment Entry. Illinois Union contends that several of the provisions included by Chase in the Proposed Judgment Entry are improper, and that entry of judgment in accordance with those provisions would be inappropriate. The Court has considered each of Illinois Union's objections and now is prepared to issue final judgment in this matter on the terms set forth herein.

  First, Illinois Union renews a host of previously raised objections, including its contentions that (1) Illinois Union requires discovery regarding the amount and calculation of Chase's claimed damages; (2) judgment should not be entered in this case prior to providing Illinois Union with the opportunity to amend its claims and defenses; (3) Chase has submitted its request for final judgment in improper form and has not met its burden of proving damages; (4) Chase's permissible recovery is limited to amounts due on a Note owed to Chase by CMC Lease Funding 2000-220 L.P.; (5) Chase is not entitled to judgment unless it can demonstrate the existence of enforceable obligations on the underlying leases, and

that such leases are actually in default; (6) Chase is entitled, at most, only to restitution of the $50 million loaned to Lease Funding; (7) Chase's requested prejudgment interest should be limited to 7.91%, the rate specified in the Note; (8) Illinois Union is entitled to rescind the policy and assert defenses to payment thereunder based on the conduct of Lease Funding; and (9) the relief requested by Chase, and authorized by the Court, constitutes an improper reformation of the Illinois Union Policy at the pleading stage. All of these arguments were discussed in detail, and rejected, in the Court's Order granting Chase's motion for final judgment in this matter. (02-16000, Doc. 1817). Accordingly, Illinois Union's renewed objections are <u>overruled</u>.

Second, Illinois Union raises two new objections to the Proposed Judgment Entry: (1) an objection to Paragraph 3(c) of the Proposed Judgment Entry (relating to attorney fees), on the ground that some or all of the fees sought represent substantive damages, which must be proven at trial; and (2) an objection to Chase's Proposed Judgment Entry, insofar as it does not provide for credits against the Judgment for any additional sums collected by the current servicer of the underlying leases. In support of its first new objection, Illinois Union appears to rely on Fed. R. Civ. P. 54(d)(2)(A)-(B), which provides:

> (2) *Attorneys' Fees.*
> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion <u>unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial</u>.
> (B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made.

2

Fed. R. Civ. P. 54(d)(2)(A)-(B)(emphasis added). Illinois Union argues that the substantive law of California, which governs Chase's attorney fee request in this case, requires that a party seeking attorney fees pursuant to an agreement plead and prove such fees as part of its contract damages.[1] Chase responds to Illinois Union's objection only in passing, arguing that such objection is belatedly made, and that issues relating to Chase's fee application can be addressed upon the filing of such application.

The Court independently has examined this issue, and notes that, in several states, substantive law does prohibit the recovery of contractual attorney fees pursuant to a post-judgment motion, instead requiring that such fees be pleaded and proved prior to the entry of a final judgment. *See, e.g.*, 10-54 MOORE'S FEDERAL PRACTICE § 54.150 (fees may not be sought by post-judgment motion if substantive law provides for recovery as an element of damages); *Chase Manhattan Bank v. Iridium Afr. Corp.*, 324 F. Supp. 2d 540, 543 (D. Del. 2004)(final judgment denied where attorney fee issues remained outstanding); *Clarke v. Mindis Metals*, 1996 U.S. App. LEXIS 27925, * 11-12 (6th Cir. Oct. 24, 1996)(district court erred by entering final judgment prior to resolving attorney fee question).

California law, however, specifically provides for the recovery of contractual attorney fees as an element of <u>costs</u>, not damages. *See, e.g.*, Cal. Civ. Code § 1717 (contractual attorney fee provisions shall be deemed reciprocal, and such fees are recoverable by the prevailing party as costs); Cal. Code Civ.

---

[1] Chase's request for attorney fees is based on a provision contained in paragraph 7 of the Policy. The Policy also contains a choice of law clause, which provides for the application of California law, and the Court previously has applied California law to its interpretation of the language of the Policy in this case. (02-16000, Doc. 1817, at 7, n.15). Illinois Union does not appear to dispute either (1) the applicability of California law; or (2) that the language of the cited provision actually does provide for an award of attorney fees incurred by Chase "in connection with the enforcement of the Policy. . . ." (02-16007, Doc. 12, Exh. M).

Proc. § 1033.5 (attorney fees are allowable as costs, when authorized by contract, statute or other law); *Port of Stockton v. Western Bulk Carrier KS*, 371 F.3d 1119, 1121 (9th Cir. 2004)(attorney fees in California are recoverable as costs, and accordingly, Fed. R. Civ. P. 54(b) procedure governs recovery of such fees). Thus, Chase, in stating its intent to seek attorney fees by post-judgment motion pursuant to Fed. R. Civ. P. 54(d)(2)(A), has invoked the proper procedure, and the Court will consider Chase's attorney fee request in the context of that procedure.

Illinois Union's final objection relates to Chase's failure to provide for credits against the Judgment for any additional sums collected by the present servicer of the underlying leases. Chase appears to agree that such credits should be afforded. Chase has provided the Court with a letter sent by Chase to Illinois Union's counsel, in which Chase agrees to hold in escrow any lease receipts after April 2006, and to remit such escrowed funds, with interest, upon Illinois Union's full payment of the Judgment. Chase also offers to submit to the Court a further Proposed Judgment Entry, which incorporates a setoff for any amounts received after April 2006.

The Court adopts Chase's suggestion and hereby <u>orders</u> that, within ten days of the date of this Order, Chase shall provide the Court with a further Proposed Judgment Entry, which includes a setoff against the Judgment for any amounts received by Chase on the underlying leases after April 2006. The Court then will enter final judgment in this matter, in accordance with the terms and conditions set forth herein.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE**

**Dated: August 24, 2006**